UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| NORMA J. ENGELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-760 |
| ) | |
| COMMISSIONER OF ) | Honorable Robert J. Jonker |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits.  On May 19, 2015, plaintiff filed her application for SSI benefits.  (ECF No. 8-5, PageID.190-95).  Plaintiff's claim was denied on initial review.  (ECF No. 8-4, PageID.129-36).  On July 6, 2017, plaintiff received a hearing before the ALJ.  (ECF No. 8-2, PageID.62-109).  The ALJ issued her decision on December 13, 2017, finding that plaintiff was not disabled.  (Op., ECF No. 8-2, PageID.44-56).  On May 23, 2018, the Appeals Council denied review (ECF No. 8-2, PageID.30-32), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned because "the ALJ failed to obtain an expert medical opinion regarding medical equivalency." (Plf. Brief, 9-10, ECF No. 12, PageID.1012-13). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without

fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after May 19, 2015, the application date. (Op., 3, ECF No. 8-2, PageID.46). Plaintiff had the following severe impairments: "affective disorder, cannabis use disorder, COPD, coronary artery disease status post bypass grafting, class II angina, osteoarthritis of the left knee, obesity, and degenerative changes to the lumbar spine." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.* at 4, PageID.47). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> the claimant can lift and/or carry no more than ten pounds at a time and can occasionally lift or carry articles such as docket files, ledgers, and small tools; can stand and/or walk up to two hours in an eight hour workday; can sit up to six hours in an eight hour workday; can frequently push, pull and operate foot controls with left lower extremity; can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch and crawl; can occasionally be exposed to atmospheric conditions, but never in excessive amounts; can never be exposed to dangerous machinery or hazardous heights; can have occasional interaction with supervisors, coworkers, and the public; can carry out simple instructions; and is unable to work at a production rate pace, such as on an assembly line.

(*Id.* at 6-7, PageID.49-50).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 7, PageID.50). Plaintiff could not perform any past relevant work. (*Id.* at 11, PageID.54).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 90,000 jobs in the national economy that the hypothetical person would be capable of performing.[1] (ECF No. 8-2, PageID.99-105). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op., 12-13, PageID.55-56).

## Discussion

Plaintiff argues that the ALJ committed reversible error when she failed to obtain an expert medical opinion regarding equivalency. (Plf. Brief, 11-12, ECF No. 12, PageID.1014-15).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability . . . the evidentiary standards [at step three] . . . are more strenuous than for claims that proceed through the entire

---

[1] The VE actually identified a total of 92,000 jobs (ECF No. 8-2, PageID.104), but the ALJ's opinion cited only 90,000 jobs. (Op., 12, PageID.55). The lower total job figure of 90,000 gives plaintiff the benefit of the discrepancy.

five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff bears the burden of demonstrating that she meets or equals a listed impairment at the third step of the sequential evaluation. *Elam*, 348 F.3d at 125. An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

It is possible for a claimant to provide evidence of medical equivalence to a listing. *See Bolton v. Commissioner*, 730 F. App'x 334, 336 (6th Cir. 2018). To demonstrate such equivalence, the claimant must present "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. at 531; *Thacker v. Social Security Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that [s]he meets or equals a listed impairment, [s]he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") (citing *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987)).

"This Court has consistently rejected the argument that an ALJ is required to obtain an expert medical opinion on the question of equivalence." *Marvin v. Commissioner*, No. 1:17-cv-330, 2018 WL 4214339, at *3 (W.D. Mich. Aug. 10, 2018) (collecting cases). "The ALJ did not err [] in making [her] determination at step 3 without consulting a medical expert" because "the burden at step 3 rests squarely on the [p]laintiff's shoulders." *Wagner v. Commissioner*, No. 1:15-cv-558, 2016 WL 2585797, at *5 (W.D. Mich. May 5, 2016).

Plaintiff's argument that, under SSR 17-2p, the ALJ was required to obtain a medical expert's opinion lacks merit. In SSR 17-2p, the Social Security Administration clarified that an ALJ is *not* required to obtain a medical expert's opinion before making a finding that an individual's impairments do not equal a listing impairment:

> At the hearings level of the administrative review process, administrative law judges (ALJ[s]) . . . determine whether an individual's impairment(s) meets or medically equals a listing at step 3 of the sequential evaluation process.
>
> * * *
>
> If an adjudicator at the hearings . . . level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain [Medical Expert] ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment.

*Social Security Ruling (SSR 17-2p): Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence* (reprinted at 2017 WL 3928306, at *3-4 (SSA Mar. 27, 2017)); *see also Jammer v. Commissioner*, No. 18-10445, 2019 WL 1372171, at *7 (E.D. Mich. Feb. 22, 2019) ("Defendant is correct that under SSR 17-2p, an ALJ may find that a claimant does not medically equal a listed impairment without the support of a medical opinion[.]").

Further, plaintiff has never attempted to satisfy her burden of establishing that she met or equaled all the requirements any listing. Prehearing correspondence from the Social Security Administration emphasized that the administrative hearing

was plaintiff's "time to explain why [she] believe[d] the ALJ should decide the issues in [her] favor." (ECF No. 8-4, PageID.153). Plaintiff's attorney offered no argument during the hearing that plaintiff met or equaled the requirements of a listing impairment. To the contrary, he advised the ALJ that plaintiff was not claiming that she met the requirements of any listing impairment. (*See* ECF No. 8-2, PageID.72).

Plaintiff has not presented any developed argument explaining how her impairments were equivalent to a listing impairment. I find no basis for disturbing the Commissioner's decision.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

Dated: April 19, 2019              /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).